### CHAPMAN v CHAPMAN et

Ohio Appeals, 2nd Dist, Darke Co

No 503. Decided July 16, 1936

Murphy & Staley, Greenville, for plaintiff in error.

Billingsley & Manix, Greenville, and Goubeaux & Goubeaux, Greenville, for defendants in error.

### OPINION

By BODEY, J.

This is an error proceeding from the Court of Common Pleas, the parties standing in the same relation as in the trial court.

The action is one to construe the last will and testament of George W. Mannix, Jr.

The Items of said will to which the court's attention is directed are numbered 14, 15 and 18. These Items read as follows:

#### "ITEM FOURTEEN"

"I give, devise and bequeath to my daughter, Marjorie, the residence property on Devor Street in the rear of the home in which I live, and being fifty (50) feet fronting on Dovor Street in the City of Greenville, Ohio; and also give, devise and be-

queath to by daughter, Marjorie, my farm of about one Hundred and Thirty-Nine (139) acres, situated on Stillwater, in Wayne Township, Darke County, Ohio.

This real estate is to be the absolute property of my daughter, Marjorie, without any limitations and she has full power to use, consume and sell the same without any let or hindrance; but if my said daughter, Marjorie, should die without heirs of her body surviving her, then any part of said real estate, described in this Item, that is unconsumed by her * * * even though the identity has been changed * * * the unconsumed part, or the proceeds of the unconsumed part are hereby impressed with the character of ancestral property, and shall go and descend to my blood relatives according to the laws of descent and distribution."

"ITEM FIFTEEN"

"I give, devise and bequeath to my wife, Lola M. Mannix, the property in which I live as my home, and the furniture therein, to be hers without any let or hindrance as long as she lives, and at her death the same to be the absolute property of my daughter, Marjorie.

It is my will that my wife and my daughter may sell or dispose of said home, but that any unconsumed part of same * * * even though the identity has been changed * * * in the event my daughter dies without heirs of her body, and after the death of my wife and my daughter, shall be impressed with the character of ancestral property and go to my blood relatives according to the statute of descent and distribution."

"ITEM EIGHTEEN"

"All the rest and residue of my property, whether personal, real or mixed, I give, devise and bequeath in equal parts to my wife, Lola M. Mannix, and my daughter, Marjorie Mannix, to be theirs absolutely and forever, with the limitations that my executors, hereinafter named, shall take possession of my estate and my property, including the residue thereof as disposed of in this Item of my will, and manage and control same for a period of three (3) years after my death, paying the net income thereof in equal parts to my wife and my daughter and at the end of said three (3) years my executors, hereinafter named, shall divide said property as equally as possible between my said wife and my said daughter, and after said time said wife and said daughter shall have full power

and control over the residue of my estate and may use, own and control same, share and share alike, and may consume same or sell same, if necessary, and execute deeds therefor, with this limitation, however, that in the event of the remarriage of my said wife she is to have what the law would give her and no more and the balance thereof go to my daughter, Marjorie, and with this limitation that the residue of my estate, and in fact all property given to my wife and daughter under this will shall be theirs without any let or hindrance according to the terms of this will, and that they may use, own and control the same after three (3) years following my death, as above set forth; but in event that my daughter should die without heirs of her body surviving her, and in event any of the property given to her by this will or any of the property inherited by her through her mother, and given in this will, should remain unconsumed at her death, without heirs of her body, or at the death of her mother, even though it has lost its identity, shall descend to the people of my blood according to the laws of descent and distribution."

The following facts appear in the record: The will of deceased was signed by the testator on July 12, 1926 and was acknowledged before two witnesses on March 12, 1927; George W. Mannix, Jr., died on March 17, 1930; the will was admitted to probate March 22, 1930; Lola M. Mannix, widow of deceased, died January 20, 1932, and had not remarried after the decease of her husband; Marjorie Mannix Chapman is the only child of testator; she is married but has no children; she is now administratrix de bonis non with the will annexed of the estate of George W. Mannix, Jr.

The trial court found that Marjorie Mannix Chapman took a life estate in the property described in Item 14 of the will, coupled with the power to sell and consume said property if necessary; that if she die without issue said property descended to the blood relatives of the testator; and that if she die with issue of her body surviving she would die as owner in fee of the unconsumed portion of said property. A similar finding was entered as to the undivided one-half of the property mentioned in Item 18. The trial court found that the widow took a life estate in the property described in Item 15 and that the remainder descended to Marjorie Mannix Chapman for and during the period of her natural life, coupled with a power to sell

and consume the same, and that the unconsumed portion thereof descended to the blood relatives of the testator in case said daughter died without issue and that the unconsumed portion would be owned in fee simple by said daughter if she died with issue of her body surviving. The trial court also found that the widow, Lola M. Mannix, took a fee simple estate in the undivided one-half of the property mentioned in Item 18 of the will.

A motion for new trial was filed by the plaintiff and was overruled. Judgment was entered upon the finding of the court. In this proceeding plaintiff seeks to reverse that finding and judgment.

Counsel for the daughter, Marjorie Mannix Chapman, contend that she takes an absolute title in fee simple under the terms of this will, while counsel for the blood relatives of the testator insist that the estate devised is only a life estate with remainder to them unless said daughter die with issue of her body surviving. The claims of respective counsel have been comprehensively briefed.

Counsel for the daughter refer the court to §10580 GC, which reads as follows:

"Every devise in a will of lands, tenements, or hereditaments, shall convey all the estate of the devisor therein, which he could lawfully devise, unless it clearly appears by the will that the devisor intended to convey a less estate."

The statute is supplemented by the general rule of construction which is found stated in the case of **Collins v Collins, 40 Oh St, 353** at 364 in the following language:

"It is a rule of the courts, in construing written instruments, that when an interest is given or an estate conveyed in one clause of the instrument in clear and decisive terms, such interest or estate cannot be taken away or cut down by raising a doubt upon the extent and meaning and application of a subsequent clause, nor by inference therefrom, nor by any subsequent words that are not as clear and decisive as the words of the clause giving the interest or estate."

It is apparent from an examination of the three items of this will above quoted that it was the intention of the testator that his property should descend to persons of his blood. The portions of these items in the first instance would appear to

be effective as passing to the daughter an absolute estate in fee simple. However, in our judgment, the language which follows is equally clear and equally decisive and imparts to the court a full and fair statement of the intention of the testator when he executed this will. It was unquestionably his desire that his daughter, Marjorie, should have the control of all the property which he willed to her, that she should have the right and the power to sell the same and to consume the same, if necessary, and it was also his desire, definitely set forth in this will, that his daughter, Marjorie, should not have the right to give away or to will this property, but that the property remaining unconsumed, although its identity had been changed, at the time of her death, should go in fee simple to her issue surviving or to his blood relatives. When the testator referred to the death of his daughter without issue surviving her, he was referring to her death at any time after his own death. The Supreme Court set forth the rule in the case of **Briggs et v Hopkins et, 103 Oh St, 321.** The syllabus of that case reads thus:

"Where there is a devise or bequest to one coupled with the provision that if he die without issue such property shall go to another, the words 'die without issue' are to be interpreted as referring to the time of the death of the first taker, unless a contrary intention and purpose of the testator is clearly manifested."

It was contended in that case that the devisee took an absolute title in fee simple to property described in the will. The court followed the case of **Parish's Heirs v Ferris, 6 Oh St, 563,** and held that the devisee took title to the property in fee subject to be determined by the event of her death without issue surviving her. This case has been followed and favorably commented upon at numerous times. Counsel for the daughter have placed much reliance upon the case of The Ohio National Bank of Columbus, guardian v Harris et al, decided by this court. This case, however, was reversed by the Supreme Court as will appear in **126 Oh St, 360.** The court there followed the rule previously announced in the case of Briggs et v Hopkins et, supra.

Counsel for the daughter also cite the case of the **Widows' Home v Lippardt, 70 Oh St, 261.** Counsel for the collateral heirs rely upon the cases of **Johnson v Johnson, 51 Oh St, 446,** and **The Tax Commission of Ohio v Oswald, Executrix et, 109 Oh St,**

36. In the case of Widows' Home v Lippardt, supra, the court held that a deed executed by a widow, who was given power in the will to convey the whole or any part of real estate therein described, being good against the widow, was good against the second devisees. The application of this rule to the instant case would mean that a deed executed by Marjorie Mannix Chapman under the power granted to her by this will, which was good against her, would be good against the issue of her body surviving her or the blood relatives of the testator surviving her. While the court in that case says that it was not necessary to determine the character of the estate devised under that will, it does state in the opinion that the widow took an estate in fee with a limitation over of the remainder if her power with reference to the estate had not been exercised. In the cases of Johnson v Johnson and The Tax Commission of Ohio v Oswald, Executrix et al, supra, the court held that the language of the respective wills was such as to devise a life estate only coupled with a power to sell for the consumption of the devisees. We do not believe that a thorough examination of the language found in these two wills is as definite as that in the will under consideration. Throughout his will, by employing positive and definite words, George W. Mannix, Jr., evidences his desire to give his property to his daughter as her absolute property, without any limitations, to use, consume and sell same without let or hindrance, except that the unconsumed part thereof, even though its identity be changed, shall in no event go to persons other than those of the Mannix blood. It is our opinion that this testator, whom we knew to have been a former Common Pleas judge of Darke County, and one learned in the law, intended that his daughter, Marjorie, should take a qualified or determinable fee under his will coupled with a power to use and consume said property, if necessary, which fee was to become absolute in her if she died leaving issue of her body surviving. If the daughter dies without issue surviving her, then in our judgment, the unconsumed portion of the property willed to her by her father, even though its identity has been changed, will descend under the Statutes of Descent & Distribution to his blood heirs.

It is our opinion that Marjorie Mannix Chapman, under Item 14 of her father's will, takes a determinable fee estate coupled with the power to use, consume and sell the same; that she has no power to will

the same or to give it away; that the unconsumed portion of said property remaining at her death, although the identity has been changed is a fee simple determinable only if she die without leaving heirs of her body surviving her; that if she leave no heirs of her body surviving her then the unconsumed portion of said property under this Item, although its identity has been changed, passes to the blood heirs of the testator.

It is our opinion that the widow, Lola M. Mannix, took a life estate in the property described in Item 15 of said will and that at her death the daughter, Marjorie, took a determinable fee in the whole of said property described in said Item, with the power to sell and consume the same in the same manner as she was authorized by Item 14 and that said fee is to be determined at the time of her death as above set forth in connection with our holding upon the terms of Item 14.

It is our opinion that the only limitation placed upon the absolute and unqualified ownership of the widow, Lola M. Mannix, is the property devised to her under Item 18 was that she should not re- marry. There is no clear or decisive language which takes away the fee first placed in the widow. The rule announced in Collins v Collins, supra, therefore, applies. §10580 GC, supra, also has application. The record shows that she did not remarry and, in our judgment, she, therefore, became the absolute owner in fee simple of her one-half of the residue of the estate devised by this Item. That being true, the widow could have disposed of this property by her will. If she died intestate, then, her daughter, Marjorie, became the absolute owner of the one-half of said property as sole heir of her mother. It is our opinion that the daughter, Marjorie, took a determinable fee in the other one-half of the residue of her father's estate under Item 18, that she may use, own and control the same, and sell the same, if necessary, but that her fee is to be determined at the time of her death, and that if she dies with heirs of her body surviving her the fee becomes absolute. If she dies without surviving heirs then the fee in the one-half of the residue, which is unconsumed, although the identity has been changed, will be determined as an absolute fee in the blood heirs of the testator.

The judgment of the Court of Common

Pleas is modified as herein set forth. The costs should be paid by the administratrix. Exceptions.

BARNES, PJ, and HORNBECK, J, concur.